HULLAR v. WYNNE.

(Supreme Court, Appellate Term, First Department. April 29, 1896.)

1. APPEAL—APPELLATE TERM—CONFLICTING EVIDENCE.
    The rule that the appellate term will not, ordinarily, disturb the decision of a justice of a district court upon conflicting evidence, applied.

2. SAME—RULING ON OBJECTIONS.
    An objection, not followed by a ruling or exception, does not show error.
(Syllabus by the Court.)

Appeal from Eighth district court.

Action by Ambrose P. Hullar, as assignee, etc., against Mary T. Wynne, for work, labor, and services rendered by plaintiff's assignor, Dora Schwartz, at the request of defendant. From a judgment in favor of plaintiff for $82.50 and costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph L. Keane, for appellant.
Mitchell Herschfield, for respondent.

DALY, J. In the fall of 1892 the defendant gave to Morris Schwartz, who was carrying on business for his wife, the plaintiff's

assignor, as a furrier, two sealskin garments, one of which had been previously purchased from him for $225, and a mink garment, all to be repaired or altered. The garments were returned as finished, but were sent back to Schwartz for further alterations. When they were subsequently delivered, the defendant was compelled, as was claimed, to take them to another furrier, to have them put in order, at an expense of $75; and the sum of $30 was counterclaimed against the demand of the plaintiff.

The case presented a question of fact (1) as to whether there was, originally, a contract for a specified sum for the alterations and repairs; or, (2) in the absence of a special agreement, whether the labor and material in the work were worth the sum charged; and (3) whether the work was properly performed by the plaintiff's assignor, and whether she was chargeable with the expense subsequently incurred by the defendant. Upon these points the testimony was extremely conflicting, and presented a question which the justice determined in favor of the plaintiff, holding, in effect, that the work was properly performed, and was worth the sum sued for. Upon such a conflict of testimony, we are not warranted in disturbing the judgment. Upon the return as presented to us, it was a fair case for the exercise of judgment by the justice.

The exceptions to the admission and exclusion of testimony do not show error. The objection to the allowance of the question to plaintiff, "What is the amount due?" was not followed by a ruling or exception. The objection was, "Objected to, unless he knows." And the witness was not permitted to answer until he had testified that he did know. The objection to the question, "Who is Ambrose P. Hullar?" was not followed by a ruling or exception, and the return shows no error. Inquiry as to the amount paid for the assignment was properly excluded.

The judgment must be affirmed, with costs. All concur.